UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Case No: 1:25-CR-10145 |
| | : | |
| DENNIS MICHAUD | : | |

### DEFENDANT DENNIS MICHAUD'S SENTENCING MEMORANDUM

Now comes, Dennis Michaud, by and through counsel, submits this sentencing memorandum in support of his request for a below guideline range of forty-two (42) months imprisonment. The sentence requested is "sufficient, but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). For the reasons set forth below, Mr. Michaud submits that the requested sentence conforms to this standard and we respectfully request that this Court sentence him accordingly.

Mr. Michaud stands before this Court ready to accept any punishment that the Court sees fit to administer based on the crime he committed. However, as his counsel, I would like to offer the following as rationale for leniency in this particular case. As the Court is aware, Mr. Michaud admitted to Firearms Trafficking, in violation of 18 U.S.C. §§933(a)(1) and (b). To this extent, Mr. Michaud has fully accepted and admitted his wrongdoing, recognizes that incarceration is warranted under the circumstances, and he looks forward to not letting this situation define him. Mr. Michaud respectfully asks, however, that the Court consider his relative lack of a criminal record[1], his remorse, his age (Mr. Michaud is 23 years old), and his rearing in a state (New Hampshire) where gun ownership is lightly regulated and widespread.

This is not a case where Mr. Michaud is in a gang or organization providing firearms to gang members. This case is instead about a young man who had a large collection of firearms that he legally possessed in his home state of New Hampshire and sought to make a profit by selling them in a jurisdiction in which it is clearly illegal to do so. This does not absolve him of culpability, but it goes to the fact that Mr. Michaud is not a deviant or malicious bad actor, but instead a young man who underappreciated the seriousness of his illegal activity.

As evidenced by the personal letters tendered on his behalf, his family and loved ones are disappointed by Mr. Michaud's present situation as they are not consistent with his character.

---

[1] In 2023, as twenty-year-old, Mr. Michaud was charged with a single count of possession of less than 3/4 oz of marijuana, a charge in which he was sentenced to the completion of community service.

For example, a letter offered by Mr. Michaud's former co-worker from Market Basket, Dylan Bailey, states in part "Dennis has always been a positive presence in our workplace and community…throughout the years I have witnessed his strong work ethic and dedication to providing for his family and helping his parents raise his younger siblings…while I am surprised to learn of his recent misconduct, I believe that Dennis is a good person at heart.  The man I have known for years is hardworking, respectful, and caring"

Additionally, a letter from Monica Quinones, Faith Formation Coordinator from St. Aloysius of Gonzaga Parish, states in part, "[h]e reached out to complete community service hours here at the parish.  He chose to do his service here because this community is familiar and meaningful to him…Dennis completed his tasks as asked and seemed more talkative and focused than in previous years…he shared his interest in auto repair and his plans for the future…it was encouraging to see signs of maturity and personal growth.

Defense counsel submits that these letters of support of Mr. Michaud are closer to who he is as a person and the crime for which he admitted to is incongruous with where he came from and what he strives to be.

### FACTORS UNDER 18 U.S.C. § 3553(A)

#### Nature of the Offense

The Final Presentence Investigation Report ("PSR") provides an explanation of the offense and as previously stated, defense counsel is not seeking to minimize the seriousness of the crime that Mr. Michaud admitted doing.  It is indisputable that selling/trafficking firearms is egregious.  I would, however, highlight that the crime of Trafficking Firearms is not a crime of violence.

#### Characteristics of the Defendant

A life-long resident of New Hampshire, Mr. Michaud was raised in a split family household of modest means.  Primarily raised by his mother and stepfather, Mr. Michaud had an average upbringing by all accounts.  An area high school graduate in 2020, Mr. Michaud had planned on attending culinary school, but his plans were thwarted by the Covid pandemic.  However, quiet and reserved (even to this day), Mr. Michaud gravitated to cooking and auto repair.  He did land a job at the local Market Basket grocery store, where he maintained employment for three years, which ended with his arrest for this instant case.

Mr. Michaud was raised in a state and local community in which firearms were widely collected, transferred and traded without much oversight.  While defense counsel is not making

2

excuses for Mr. Michaud's trafficking of firearms, it does provide context for how someone of his age (22 at the time of his arrest) can have the kind of access to firearms that he had.  In fact, his parents each personally owned firearms that were maintained in his house at the time of his arrest.

Prior to the arrest that has led to this case, Mr. Michaud has had one prior contact for possession of marijuana, a 2023 case in New Hampshire, in which he was required to perform twenty (20) hours of community service.  There is no indication that Mr. Michaud has any substance abuse addictions nor a mental health issue that is cause for concern.  He has lived with his mother, Maribel Cabrera, and she has provided a letter of support for him.

The magnitude of Mr. Michaud's community support is representative of the kind, caring, and humble man that he is.  The letters that are attached collectively portray Mr. Michaud as a quiet, respectful, hardworking young man who is deeply devoted to his family, particularly his younger siblings, grandparents, and mother.  Several of the letters highlight Mr. Michaud's maturity, empathy, and capacity for growth.  The letters reflect a shared belief that Mr. Michaud is not the monster that is deserving of a long term of incarceration, but instead of one that shows he has sought to better the lives of those around him and within his community.

**The Need for the Sentence Imposed**

The purpose of sentencing – retribution, general deterrence, specific deterrence, and rehabilitation – justify a sentence below the Guidelines range.  See 18 U.S.C. § 3553(a)(2).  Under 18 U.S.C. § 3553(a)(2), the sentence imposed must reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense.  The Supreme Court has held that even a sentence of probation should not be considered a lenient sentence, as it carries with it substantial restrictions on liberty. *United States* v. *Gall*, 552 U.S. 38 (2007).

While it is foreseeable that incarceration is inevitable, it is defense counsel's hope that the duration of incarceration is below guideline range, as a term of incarceration of forty-two (42) months can accomplish the goals of sentencing, including deterrence.

Moreover, in this case, general deterrence will be served through the proposed sentence and downward departure.  General deterrence aims to deter others from crime.  News of Mr. Michaud's conviction have gained regional media attention, which demonstrates to the public at large that illegal interstate trafficking of firearms – particularly from New Hampshire into Massachusetts – will be discovered and violators will be prosecuted to the full extent of the law – deterring any would-be offenders from participating in a similar scheme.

3

With respect to rehabilitation, Mr. Michaud is twenty-three years old and has been in custody for over fifteen months.  Prior to his incarceration, he worked at Market Basket but has had an interest in both culinary arts and automotive repair.  Mr. Michaud aspires to work alongside his stepfather in construction while learning a trade in automotive repair.  It is our hope that a sentence that the Court deems is sufficient but not greater than necessary will allow Mr. Michaud to rehabilitate himself and engage in a profession that he has an affinity and skill set to thrive in.

**The Kinds of Sentences Available**

Congress has stated that "sentencing decisions should be designed to ensure that prison resources are, first and foremost, reserved for those violent and serious criminal offenders who pose the most dangerous threat to society," and that "in cases of nonviolent and nonserious offenders, the interests of society as a whole as well as individual victims of crime can continue to be served through the imposition of alternative sentences, such as restitution and community service." See Pub L. No 98-473 § 239, 98 Stat. 1987, 2039 (1984) (set forth at 18 U.S.C. § 3551 note).

Neither counsel nor Mr. Michaud seeks in any way to diminish the gravity of the instant offense.  But Mr. Michaud submits that a combination of forty-two (42) months incarceration along with supervised release and restitution is sufficient and not greater that necessary to achieve the objectives as defined in 18 U.S.C. § 3553(a).

**Unwanted Disparity with Similar Offenders**

A downward variance from the Guidelines sentence range would not create a disparity with similar offenders: it would, in fact, promote uniformity when compared to several highly relevant, similar offenders/sentences.  Indeed, in 2025, the District of Massachusetts imposed a sentence on a defendant convicted of crimes that involved firearms that varied from the Guidelines' range 47.7% of the time.  See U.S.S.G., Statistical Information Packet Fiscal Year 2025, Table 10 (available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2025/ma25.pdf.  Within the First Circuit, persons convicted of firearms charges varied from the Guidelines' range 41.1% of the time.  In other words, courts frequently sentence defendants outside the range recommended by the Guidelines.

In *United States v. GiCliff Rodriguez*, 1:24-cr-00121-SM-AJ, the Court in the District of New Hampshire sentenced the defendant to sixty-three months incarceration and three (3) years'

supervised release, for Firearms Trafficking in violation of 18 U.S.C. §§933(a)(2) and 933(b) and Possession of Firearms by a Prohibited Person, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(8). In *Rodriguez*, the defendant was involved in the transfer of three firearms while being a prohibited person stemming from a prior state conviction for illegal possession of a firearm. Whereas in Mr. Michaud's case, he was involved in the sale/transfer of nine firearms during three separate transactions.  Notably, unlike in *Rodriguez*, Defendant was not a prohibited person, nor did he have a prior conviction for possession of a firearm.

Defense counsel concedes that cases involving the illegal transfer of firearms are not created equal and that jail within the guideline range may be appropriate for similarly situated individuals such as Mr. Michaud.  However, we submit that Mr. Michaud's case should be an exception, not the rule.  The sentence requested by Mr. Michaud would not create an unwarranted disparity, but instead it takes into consideration the sentencing factors outlined by Congress, most notably his age, absence of a meaningful record, and his acceptance of responsibility.

<div align="center">**CONCLUSION**</div>

Based on the foregoing, Mr. Michaud respectfully asks the Court to impose a sentence of forty-two (42) months incarceration, followed by a term of supervised release and restitution, which we contend is "sufficient, but not greater than necessary" to achieve the objectives of 18 U.S.C. § 3553(a).

Respectfully submitted on this 7th day of June 2026.

Respectfully submitted

<div style="margin-left:50%">

Defendant,
Dennis Michaud
By his Counsel

s/*Kensley R. Barrett*
KENSLEY R. BARRETT (BBO 708764)
Law Office of Kensley R. Barrett
572 Washington Street, Suite 21
Wellesley, MA 02482
Phone: 857.229.2442
Fax: 617.904.1839
E-mail: ken@krbarrettlaw.com

</div>

<div align="center">5</div>

## **CERTIFICATION**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on June 7, 2026.

s/*Kensley R. Barrett*
KENSLEY R. BARRETT (BBO 708764)
Law Office of Kensley R. Barrett
572 Washington Street, Suite 21
Wellesley, MA 02482
Phone: 857.229.2442
Fax: 617.904.1839
E-mail: ken@krbarrettlaw.com