UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DENNIS T. MICHAUD, JR.<br><br>    Defendant | CRIMINAL No. 1:25-CR-10145-RGS |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND OBJECTION TO THE PRE-SENTENCE INVESTIGATION REPORT**

This matter is set for sentencing on June 10, 2026.  On June 7, 2026, Defendant Dennis T. Michaud, Jr., filed objections to the Pre-Sentence Investigation Report ("PSR") (ECF No. 45) disputing Defendant's prohibited person status and the application of the firearm quantity enhancement under USSG §2K2.1(b)(1)(C).  Michaud also filed a sentencing memorandum (ECF No. 46) arguing, *inter alia*, that Defendant primarily "possessed, transferred, and traded" firearms in New Hampshire where gun regulations are more relaxed.  The government briefly addresses each issue below.  In sum, Michaud was a prohibited person, but, even if he was not, USSG §2K2.1(b)(1)(C) applies because his advertisement and possession of more than 25 firearms was part of the same course of conduct as the offense charged.  Finally, Michaud's sentencing memorandum significantly downplays his conduct.  The government reiterates that 78 months is an appropriate sentence and is seeking to forfeit the funds seized during the search of Michaud's bedroom as part of this sentence.

### A.  Defendant Was a Prohibited Person

Michaud is correct that Defendant is not a convicted felon.  Def.'s Mem., ECF No. 45, at 1.  As the government pointed out in its sentencing memorandum, however, Michaud is still a

prohibited person under 18 U.S.C. § 922(g).  ECF No. 44, at 2.  Specifically, he is an unlawful user of marijuana, a controlled substance.  *See* 18 U.S.C. § 922(g)(3).  And he admits it.  The PSR states that Michaud "first smoked marijuana at the age of 16" and "has used marijuana daily" since. PSR ¶ 76.  At the time of his arrest, therefore, Michaud had been using marijuana daily for 6 years, including during the time of the offense.  *See United States v. Marceau*, 554 F.3d 24, 30 (1st Cir. 2009) ("[A]n 'unlawful user' is one who engages in 'regular use over a long period of time proximate to or contemporaneous with the possession of the firearm.'" (quoting *United States v. McCowan*, 469 F.3d 386, 392 n. 4 (5th Cir. 2006)).

Further, Michaud's conviction for possession of marijuana, PSR ¶ 42, and the fact that his bedroom was brimming with marijuana consumables and paraphernalia is further evidence of unlawful use.  *Id.*, 554 F.3d at 31 ("The district court was free to rely upon Marceau's marijuana possession, in combination with the other evidence, to draw an inference of use.").  Indeed, when Michaud attempted to purchase a firearm in 2024, his application was denied, and the State of New Hampshire sent a letter to ATF and Nashua Police Department, stating that Michaud is disqualified under § 922(g)(3).  Ex. 1 (Letter from New Hampshire State Police, Dated April 25, 2024).

**B.  <u>The PSR Correctly Applied the Firearm Quantity Enhancement</u>**

Michaud objects to the PSR's application of a 6-point firearm quantity enhancement under USSG §2K2.1(b)(1)(C).  ECF No. 45, at 1.  Michaud's only argument is that he did not "unlawfully possess[] the twenty-eight firearms that were seized" because he is not a prohibited person.  *Id.* Accordingly, according to Michaud, only the 9 firearms he transferred to the confidential informant (the "CI") should count toward the enhancement.  As detailed above, he is a prohibited person, so this argument fails.  But even if the Court concludes otherwise, the 6-point enhancement

is appropriate because Michaud sold 9 firearms, advertised at least 22 additional firearms, and possessed 28 firearms as part of the same course of conduct as the offense of conviction.

Michaud's advertisement and possession of 22 and 28 firearms, respectively, is relevant conduct, and the enhancement in USSG §2K2.1(b)(1)(C) applies, if his advertisement and possession of those guns "was part of the same course of conduct or common scheme or plan" as his firearms trafficking. *See United States v. Holmes*, 429 F. App'x 7, 9 (1st Cir. 2011) (counting uncharged firearms in sentencing for possession of ammunition); U.S.S.G. § 1B1.3(a)(2).

Michaud's advertisement of at least 22 additional firearms to the CI was plainly part of his course of conduct—*i.e.*, distributing firearms to the CI—because he advertised the firearms to entice the CI to buy them. *Cf. United States v. Caldwell*, 790 F. App'x 797, 799 (7th Cir. 2019) ("[I]t would be frivolous to argue that the district court plainly erred in counting the 192 firearms Caldwell listed for sale as part of his course of conduct (*i.e.*, dealing in firearms without a license).").

Michaud's possession of the 28 firearms seized from his bedroom was also part of his course of conduct. Michaud's texts with the CI make clear that Michaud came into possession of firearms specifically to sell them and not to collect them. *See* Ex. 2. For example, he repeatedly references having ghost guns built for sale.[1] He repeatedly tells the CI that he can obtain other

---

[1] Ex. 2 at 1 ("I feel it jus lmk there brand new 17 round Glock mags black 19x / Ghosty / Got no numbers."), 3-4 ("I'm trying to see if I'm available to get other things built but a lot is sold out online . . . my guy that builds them has made over 300 . . . I've sold a lot."); 8 ("I get another 19x Friday if it's finished."); 10 ("I have 2 revolvers still the 19x sold today but I'll be getting another one soon last part comes in this Tuesday").

firearms for the CI.[2]  He repeatedly mentions to the CI his other clients and sales.[3]  Ultimately, Michaud's possession of firearms he intended to sell is relevant conduct because he could not sell the firearms if he did not first possess them.  *Cf. Holmes*, 429 Fed. App'x at 9 (finding that possession of firearm "was part of the same course of conduct" as possession of ammunition because "the latter generally is not used without the former").  Accordingly, the firearms investigators seized from his bedroom count as part of his course of conduct.

### C. Defendant's Sentencing Memorandum Mischaracterizes Michaud's Conduct

As described in the government's sentencing memorandum, Michaud's contention that he "underappreciated the seriousness of his illegal activity" is belied by his own statements.  ECF No. 44, at 4-5.  The government further disagrees with any suggestion that Michaud simply crossed over to the wrong state or that his conduct was otherwise lawful in New Hampshire.  *See* ECF No. 46, at 2.  For one, dealing in firearms without a license is a federal crime, 18 U.S.C. § 922(a)(1)(A), and Michaud does not have such a license, Ex. 3 (Database Searches for Firearms License).  Further, in New Hampshire and elsewhere, Section 933(a)(1) criminalizes the distribution of firearms to people who cannot lawfully possess them.  The recommended sentence appropriately captures the extent and seriousness of Michaud's conduct and the $76,890 that was seized from his bedroom is forfeitable because firearms trafficking is how Michaud makes a living.

---

[2] Ex. 2 at 5 ("Friday I can get another 19x."), 7 ("[C]an get another 19x on Friday's only when my guys in town."); 9 ("I can get this also on Friday but I gotta know today to tell him to bring it tm."), 12 ("Bet I got one more I could sell u / But u gotta take the two revolvers cus I been wanting those gone.").

[3] Ex. 2 at 7 ("I got someone interest in the black revolver and 19x[.]"), 7("Ill hold it till Sunday aftwr that whoever wants it gets it then."), 8 ("I got someone that wanna buy one today tho."), 11 ("Yeah people bought all the other ones I had.  I'm getting another 19x this Friday coming up but already got two or three interested it would jus be matter of who grabs it first."); 13 ("Yo that sold but I got two smalls atm if still wanted some."), 14 ("They got sold already . . . I get another one Tuesday / And more Friday.")

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    */s/ Sandra Gonzalez Sanchez*
      Sandra Gonzalez Sanchez
      Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

*/s/ Sandra Gonzalez Sanchez*
Sandra Gonzalez Sanchez
Assistant United States Attorney

Date: June 9, 2026